UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SYSTEMS TECHNOLOGIES RESOURCES INC., et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 3:16-cv-30138-MGM |
| UNITED VISION SOLUTIONS, LLC, et al., | ) ) | |
| Defendants. | ) ) | |

REPORT & RECOMMENDATION REGARDING
PLAINTIFF'S MOTION FOR SANCTIONS AND/OR CONTEMPT
(Dkt. No. 40)

ROBERTSON, U.S.M.J.

Now before the court is Plaintiffs' Motion for Sanctions and/or Contempt (Dkt. No. 40).

The motion was referred to the undersigned by presiding District Judge Mark G. Mastroianni

(Dkt. No. 42). The court recommends that Plaintiffs' motion be granted in part and denied in

part as set forth herein.

## I.  Background

The plaintiffs, Systems Technologies Resources, Inc., and Information Civilize Systems

for Technologies – F.Z.E. (collectively, "Plaintiffs"), initiated this action by a complaint brought

against defendants United Vision Solutions LLC ("UVS") and Khaled Shalaby ("Shalaby") on

August 4, 2016, asserting a number of state law claims in connection with Plaintiffs' alleged

purchase from UVS of thirty-five fully functional camera systems for delivery to several

locations in Iraq (Dkt. No. 1).[1]  Plaintiffs allege that they have paid UVS $1,006,000, but that

UVS has yet to deliver a single camera system (*id*.).  UVS and Shalaby were served with the

complaint on August 19, 2016, but they failed to plead or otherwise defend, and on September

19, 2016, the clerk entered defaults as to both defendants (Dkt. Nos. 8, 9, 13).  Thereafter,

Plaintiffs sought and were granted leave to file an amended complaint naming a third defendant,

United Vision Security Systems LLC ("UVSS"), which Plaintiffs allege is a fictitious entity that

is carrying on the business of UVS (Dkt. Nos. 18-20).  UVS, Shalaby, and UVSS (collectively,

"Defendants") were served with the amended complaint on March 28, 2017 (Dkt. Nos. 22-24).

On April 28, 2017, the clerk entered defaults as to all three Defendants based on their failure to

plead or otherwise defend (Dkt. No. 28).  On November 16, 2017, Plaintiffs filed a motion for

default judgment, which motion remains pending (Dkt. No. 29).

At the hearing on the motion for default judgment, held on January 22, 2018, this court

*sua sponte* raised a question regarding the court's subject matter jurisdiction (Dkt. No. 36).

Plaintiffs, as the party invoking the jurisdiction of the federal court, bear the burden of proving

its existence.  *Taber Partners, I v. Merit Builders, Inc.*, 987 F.2d 57, 60 (1st Cir. 1993) (citing

*Lundquist v. Precision Valley Aviation, Inc.*, 946 F.2d 8, 10 (1st Cir. 1991)).  In the complaint

and first amended complaint, Plaintiffs assert that the court may exercise subject matter

jurisdiction over this case based upon diversity of the citizenship of the parties.  Regarding

citizenship, Plaintiffs allege that STR is a California corporation, with a principal place of

business at 737 Sweet Water Drive, Danville, California; that ICS is a United Arab Emirates-

---

[1] The claims include Violation of the Massachusetts Uniform Commercial Code, Common Law
Breach of Contract, Fraud, Negligent Misrepresentation, Unjust Enrichment, Tortious
Interference with Business, Breach of Implied Covenant of Good Faith and Fair Dealing, and
Violations of Mass. Gen. Laws ch. 93A, §§ 2, 11.

based corporation, with a principal place of business at C24 Dafza, United Arab Emirates; that

Shalaby is a resident of Massachusetts, with a residence at 47 Stearns Terrace, Chicopee,

Massachusetts; and that UVSS holds itself out as a limited liability company with a principal

place of business at 10 Center Street, Chicopee, Massachusetts.  However, the complaint and

first amended complaint state only that UVS is a Massachusetts limited liability company, with a

principal place of business at 10 Center Street, Chicopee, Massachusetts.  Neither the complaint

nor the first amended complaint contain any allegations regarding the citizenship of the members

of UVS.

Diversity jurisdiction requires "complete diversity of citizenship as between all plaintiffs

and all defendants." *Connectu LLC v. Zuckerberg*, 522 F.3d 82, 91 (1st Cir. 2008) (citing

*Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806); *Am Fiber & Finishing, Inc. v. Tyco

Healthcare Grp., LP*, 362 F.3d 136, 139 (1st Cir. 2004)).  For purposes of diversity jurisdiction,

"the citizenship of a limited liability company 'is determined by the citizenship of all of its

members.'" *D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra*, 661 F.3d 124, 125 (1st

Cir. 2011) (quoting *Pramco, LLC ex rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc.*,

435 F.3d 51, 54 (1st Cir. 2006)).  Because Plaintiffs have not alleged the citizenship of any

members of UVS, the court cannot determine whether Plaintiffs have established diversity of

citizenship.  Accordingly, the court granted Plaintiffs four weeks, until February 22, 2018, to

make a supplemental filing establishing a basis for the exercise of this court's subject matter

jurisdiction (Dkt. No. 36).  Plaintiffs sought an extension of time until March 22, 2018 to make

this filing, which this court granted (Dkt. No. 37-38).

Plaintiffs were unable to identify the members of UVS through publicly available

information and sought the information through discovery.  Pursuant to Fed. R. Civ. P. 45,

Plaintiffs served subpoenas for documents on defendants UVS and UVSS and subpoenas for testimony and documents on defendant Shalaby and non-party Joyce Shalaby. The documents Plaintiffs sought were set forth in identical Schedule A's attached to each subpoena, and included documents reflecting the identity of any and all members of UVS.[2] The date provided in each of the subpoenas for the production of documents and testimony was March 12, 2018. On that date, no documents were produced, and neither defendant Shalaby nor non-party Joyce Shalaby appeared to testify. A document was, however, filed with the court, consisting of a copy of the subpoena served on UVS, along with a UVS commercial invoice (Dkt. No. 39). The "Proof of Service" section of the subpoena bears several handwritten notations. There is a slash mark in the box indicating "I returned the subpoena unexecuted because," followed by text stating, "the plaintiff forged the attached document, and there is a criminal investigation opened." The Proof of Service is dated "3/12/2018" and bears a signature, underneath which is written, "Khaled Shalaby, Owner, 10 Center St., Ste. 401-402, Chicopee, 01013." At the top of the attached UVS invoice, which is largely illegible, is the handwritten note, "forged."

As a result of Defendants' and Joyce Shalaby's failures to appear and produce, Plaintiffs have filed a motion requesting that the court: (1) hold Defendants and Joyce Shalaby in contempt; (2) conclude that it has subject matter jurisdiction as a sanction for noncompliance; or (3) should the court not find that it has subject matter jurisdiction as a sanction for non-compliance, order Defendants and Joyce Shalaby to appear and fully comply with the subpoenas

---

[2] Plaintiffs requested a total of thirteen categories of documents, all for the time period January 1, 2007 to the present. However, the only category of documents relevant to the issue of this court's subject matter jurisdiction is documents reflecting the identity of any and all members of UVS.

served upon them.

## II.     Discussion

Plaintiffs ask this court to hold Defendants and non-party Joyce Shalaby in contempt for failure to appear at the time and place required in the subpoenas issued to them and to produce documents.  Plaintiffs invoke Fed. R. Civ. P. 45(g), which provides that the court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it."  While failure of a witness to appear for a deposition is punishable by contempt even without a prior court order, "the more prudent practice for the court is to issue such an order [directing compliance with the subpoena] before entertaining a motion for contempt."  *SEC v. Hyatt*, 621 F.3d 687, 694 (7th Cir. 2010) (citing 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2465 (3d ed. 2008) ("The district judge normally will preface a contempt citation with an order directing either compliance with the subpoena or a showing of an excuse for the noncompliance.")).  *See also* Fed. R. Civ. P. 45, 2013 Advisory Committee Note to Subdivision (g) ("In civil litigation, it would be rare for a court to use contempt sanctions without first ordering compliance with a subpoena, and the order might not require all the compliance sought by the subpoena.").  "Moreover, due process does require that any civil contemnor be given certain basic procedural protections before being subject to any sanction:  adequate notice and an opportunity to be heard at a meaningful time and in a meaningful manner."  9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2465 (3d ed. 2008).  *See also Hyatt*, 621 F.3d at 694 ("Due process requires that a person facing contempt sanctions be given adequate notice and a fair opportunity to be heard in civil contempt proceedings." (citing *Autotech Techs. LP v. Integral Research & Dev. Corp.*, 499

F.3d 737, 746-47 (7th Cir. 2007)).

The court recommends that the more prudent practice be followed here, particularly in light of Shalaby's *pro se* filing with the court.  Whether justified or not, it appears that Shalaby may have some confusion regarding his obligations in responding to a subpoena, which may be dispelled by a clear and unambiguous order.  Moreover, despite the continuing question of this court's subject-matter jurisdiction, such an order is within this court's power to issue given the court's "inherent and legitimate authority . . . to issue process and other binding orders, including orders of discovery directed to nonparty witnesses, as necessary for the court to determine and rule upon its own jurisdiction, including jurisdiction over the subject matter."  *U.S. Catholic Conference v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 79 (1988) (citing *United States v. Shipp*, 203 U.S. 563, 573 (1906)).  Accordingly, the court recommends that an order issue requiring that, within 30 days of the court's order, Defendants and Joyce Shalaby comply with the subpoenas served upon them to the extent those subpoenas seek information concerning the membership of UVS as of August 4, 2016.[3]  Specifically, UVS, UVSS, Shalaby, and Joyce Shalaby should be required to produce to Plaintiffs any documents in their possession, custody, or control concerning the membership of UVS as of August 4, 2016.  Moreover, Shalaby and Joyce Shalaby should be ordered to appear and testify in response to questions concerning the membership of UVS as of August 4, 2016.  Should Defendants or Joyce Shalaby fail to comply with the court's order, Plaintiffs should be authorized to bring a motion for contempt, at which time a hearing can be scheduled to afford the alleged contemnors notice and an opportunity to be

---

[3] "For purposes of diversity jurisdiction, citizenship is determined as of the date of the initiation of the lawsuit." *Taber Partners*, 987 F.2d at 59 n.1 (citing *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 111 S. Ct. 858, 859 (1991); *Media Duplication Servs., Ltd. v. HDG Software, Inc.*, 928 F.2d 1228, 1236 (1st Cir. 1991)).

heard as to why they should not be held in contempt.

Plaintiffs further request that, as a sanction for Defendants' and Joyce Shalaby's noncompliance, the court make a conclusive determination that the citizenship of the members of UVS is diverse from that of the Plaintiffs, and, therefore, subject matter jurisdiction is present. Plaintiffs have not brought to the court's attention – nor has the court located – any authority for the proposition that a court can impose a finding of subject-matter jurisdiction as a discovery sanction.  In *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694 (1982), the Supreme Court upheld a finding of personal jurisdiction as a discovery sanction under Rule 37.  *Id*. at 709.  However, as the *Insurance Corp. of Ireland* Court explained, personal jurisdiction and subject matter jurisdiction are different concepts that serve different purposes.  *Id*. at 701.  Where personal jurisdiction flows from the Due Process Clause and recognizes and protects an individual liberty interest, subject matter jurisdiction flows from Article III and functions as a restriction on federal power.  Id. at 701-02.  It follows then that the requirement of personal jurisdiction, as an individual right, "can, like other such rights be waived," *id*. at 703, whereas "no action of the parties can confer subject-matter jurisdiction upon a federal court."  *Id*. at 702.  Thus, *Insurance Corp. of Ireland* does not support the authority of the court to impose a finding of subject-matter jurisdiction as a discovery sanction.

## III.    Conclusion

For the foregoing reasons, the court recommends that (1) Plaintiffs' request that Defendants and Joyce Shalaby be held in contempt be denied; (2) Plaintiffs' request that the court conclude that it has subject matter jurisdiction as a sanction for noncompliance be denied; and (3) Plaintiffs' request that Defendants and Joyce Shalaby be ordered to appear and fully comply with the subpoenas served upon them be granted to the extent those subpoenas seek

documents and testimony concerning the membership of UVS as of August 4, 2016.

Specifically, the court recommends that an order issue requiring that, within 30 days of the order,

UVS, UVSS, Shalaby, and Joyce Shalaby produce documents in their possession, custody, or

control concerning the membership of UVS as of August 4, 2016, and Shalaby and Joyce

Shalaby appear and testify in response to questions concerning the membership of UVS as of

August 4, 2016.  Plaintiffs should be authorized to bring a motion for contempt if Shalaby, Joyce

Shalaby, UVS, or UVSS again fail to appear for deposition or to produce documents and should

be required to serve Defendants and Joyce Shalaby with a copy of the order forthwith and to file

certificates of service.[4]

/s/ Katherine A. Robertson_____
KATHERINE A. ROBERTSON
United States Magistrate Judge

DATED:  June 18, 2018

---

[4] The parties are advised that under the provisions of Fed. R. Civ. P. 72(b) or Fed. R. Crim. P. 59(b), any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court **within fourteen (14) days** of the party's receipt of this Report and Recommendation.  The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection.  The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation.  *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-79 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir. 1980).  *See also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.